UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BENNETT ENVIRONMENTAL, INC., JOHN A. BENNETT, ROBERT P.G. GRIFFITHS, and RICHARD L. STERN,<br><br>Defendants. | Civil Action No.:<br>06 CV 14294 |

**FINAL JUDGMENT AS TO DEFENDANT RICHARD L. STERN**

The Securities and Exchange Commission having filed a Complaint and Defendant Richard L. Stern ("Stern") having entered a general appearance; consented to the Court's jurisdiction over Stern and the subject matter of this action for purposes of this proceeding; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Stern and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/07

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Stern and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by:

    (a)    certifying a periodic report containing financial statements filed by an issuer pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] when he or she has failed to:

        (1)    review the report;

        (2)    ensure, to the best of his or her knowledge, that the report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to

the period covered by the report;

(3)   ensure, to the best of his or her knowledge, that the financial statements, and other financial information included in the report, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in the report;

(4)   ensure that he or she has established and maintained disclosure controls and procedures, as defined in Exchange Act Rules 13a-15(e) and 15d-15(e) [17 C.F.R. § 240.13a-15(e) and 17 C.F.R. § 240.15d-15(e)], for the issuer and have:

   (i)    designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under his or her supervision, to ensure that material information relating to the issuer, including its consolidated subsidiaries, is made known to him or her by others within those entities, particularly during periods in which the periodic report is being prepared;

   (ii)   evaluated the effectiveness of the issuer's disclosure controls and procedures and presented in this report his or her conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by the report based on such evaluation; and

   (iii)  disclosed in the report any change in the issuer's internal control over financial reporting that occurred during the issuer's most

recent fiscal quarter (the issuer's fourth quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the issuer's internal control over financial reporting; and

(5) ensure that he or she has disclosed, based on his or her most recent evaluation of internal control over financial reporting, to the issuer's board of directors (or persons performing the equivalent functions):

(i) all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the issuer's ability to record, process, summarize and report financial information; and

(ii) any fraud, whether or not material, that involves management or other employees who have a significant role in the issuer's internal controls over financial reporting; and

(b) having a certification of disclosure, as specified in Exchange Act Rule 13a-14(a), (b) or (d) [17 C.F.R. § 240.13a-14(a), (b) or (d)], signed on his behalf pursuant to a power of attorney or other form of confirming authority.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Stern and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-16 thereunder [ 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16] by knowingly providing substantial assistance to an issuer that :

(a) fails to file with the Commission:

(1) such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to section 12 of the Exchange Act, 15 U.S.C. §78*l*, and

(2) such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports, as the Commission may prescribe; or

(b) fails to add such further material information, if any, as may be necessary to make required statements in the light of the circumstances under which they are made not misleading, to that information expressly required to be included in a statement or report;

(c) fails to make in a timely fashion with the Commission reports on Form 6-K as required by Commission Rule 13a-16, 17 C.F.R. § 240.13a-16.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Stern is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Stern shall pay a civil penalty in the amount of $75,000 pursuant to Section 21(d)(3) of the Exchange Act.  Stern shall make this payment within thirty (30) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Stern as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Stern shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Stern shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __2/12/07__, 2007

_RMB_
UNITED STATES DISTRICT JUDGE